amounts are to be reckoned, those less than two hundred and fifty dollars as well as over that amount; and the aggregate of the petitioners' debts must be equal to one-third of all the debts provable, irrespective of amounts thereof. The cases In re Hadley [Case No. 5,894], decided by Judge Brown, and In re Currier [Id. 3,492], decided by Judge Lowell, approved and followed.

Third. That a creditor has a right to sell and a party a right to purchase, in good faith, claims against a debtor, with a view to enable the purchaser to join in a petition in bankruptcy, in order to make the necessary number to file a petition.

Fourth. That where a sale of such claims is void for want of consideration or fraud, and is set aside for that reason, the claims so attempted to be sold or transferred go back to the assignor, and in the count are to be reckoned as belonging to the assignor.

Fifth. If such assignee join in the petition, and such assignment is set aside, he is not to be counted in the number necessary to join, nor to be reckoned in the amount of provable debts, but the assignor is to be counted instead if he be a party to the petition, and the amount of such indebtedness reckoned to him—such assignee thereby dropping out of the proceedings as creditor.

WOODHOUSE (HODGSON v.). See Case No. 6,571.

WOODHOUSE (THOMAS v.). See Case No. 13,917.

## Case No. 17,973.

### Case of WOODHULL.

[Cited in U. S. v. Williams, 3 Fed. 486. Nowhere reported; opinion not now accessible.]

WOODHULL (BEACH v.). See Case No. 1,154.

## Case No. 17,974.

### WOODHULL v. BEAVER COUNTY.

[3 Wall. Jr. 274;[1] 20 Leg. Int. 76.]

Circuit Court, D. Pennsylvania. Nov. Term, 1859.

DIFFERENCE BETWEEN PREVENTIVE AND REMEDIAL JUSTICE—COUNTY BONDS—DOUBTFUL VALIDITY.

1. A court will frequently issue process to prevent acts being done on the ground that they are unauthorized, which same acts, after they are done, the court will enforce as having been made in pursuance of authority sufficiently given.

2. Ex. gr. It will hold a county bound to pay bonds actually issued and negotiated by it under an authority assumed from an ambiguously and ill expressed statute—although had any citizen of the county applied for an injunction to restrain the issue on the ground of want of

[1] [Reported by John William Wallace, Jr., Esq.]

authority clearly given by the statute, the court would have granted such preventive remedy.

[Cited in Lewis v. Shreveport, Case No. 8,331; Memphis v. Brown, Id. 9,415.]

Motion for a new trial; the case being thus: A statute of Pennsylvania (Act April 7, 1853, p. 335) authorized the county of Beaver to subscribe to the stock of a railroad; "provided," such is the language of the act, "that the amount of subscription shall not exceed $100,000; the amount thereof shall be fixed and determined by one grand jury of the county, and upon report of such grand jury being fixed, it shall be lawful for the county commissioners to carry the same into effect by making, in the name of the county, the subscription so directed by said grand jury. Nothing was here said about the issuing of any bonds by the county; but a second proviso enacted that "whenever bonds of the county are given in payment of subscription, the same shall not be sold by said railroad company at less than par value." The grand jury, without either "fixing" or "determining" any amount, "recommended the commissioners to make the subscription in conformity to the act of assembly." The commissioners accordingly issued negotiable bonds, binding the county (to what extent did not here appear); and having given them to the railroad company, this last put them in the market and sold them bona fide for what they would bring; in most cases much below par. The present plaintiff having bought certain of the bonds, and the county not paying interest, he sued it and got a verdict here for the amount.

On a motion for a new trial, two questions were now presented: I. Had the commissioners authority to issue bonds by virtue of the above-mentioned act of assembly, authorizing it to subscribe to stock? II. was the recommendation of the grand jury, which fixed no amount, sufficient to authorize the commissioners to make the subscriptions which they have made, and to execute the bonds issued thereon? this court having in a former case declared that when authority to do acts so far out of the ordinary range of county action was given, it ought to be given "in clear and unambiguous terms."

GRIER, Circuit Justice. This court has said that statutes conferring such doubtful and important powers on county or city officers as have here been exercised, should express the intention of the legislature "in clear and unambiguous terms." We do not intend to retract the assertion, and if the only question before the jury had been whether these powers were vested in these commissioners in terms such as we have declared they ought, in all cases, to be given in, we might well have instructed them, that such was not the case. But it does not follow as a consequence of what we have